IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JOHN MICHAEL CHERRY; aka JOHN | § | CASE NO: 05-44629 |
| M CHERRY; aka MIKE CHERRY, | § | |
|     Debtor. | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

The parties dispute whether objections to Mr. Cherry's exemptions were filed timely. For the reasons set forth below, the Court finds that the objections were timely and denies Mr. Cherry's motion for preemptive dismissal.

### Background

On September 9, 2005, the Debtor filed a voluntary petition for bankruptcy under chapter 7. On October 12, 2005, a Rule 2004 examination of the Debtor was conducted. At the examination, Lowell T. Cage ("Trustee") informed the parties present that there would be insufficient time to conclude matters at the initial creditor's meeting and that the meeting would be continued. On October 20, 2005, the Trustee convened the meeting of creditors, pursuant to 11 U.S.C. § 341(a). At this meeting, the Trustee announced that the meeting would be continued to a date and time in January 2006. On November 18, 2005, the Trustee filed notice on the docket in this case that the meeting of creditors would reconvene on January 10, 2006. On November 23, 2005, the Trustee served the Debtor and all the creditors with notice of the date and time of the continued creditor's meeting. In late December and early January, discussions were held concerning the potential need to reschedule the January 10 meeting due to a contested hearing in a separate case that required the presence of various counsel, including the Trustee

and the Debtor's counsel, Michael Durrschmidt.  The meeting did not reconvene on January 10, 2006.

On January 18, 2006, a docket entry reflects the Trustee's notice of the continued meeting of creditors scheduled for January 31, 2006.[1]  The meeting was held as scheduled.  In attendance were the Debtor, the Trustee, Durrschmidt, Timothy Wentworth (the Trustee's counsel), Marilee Madan (a creditor's counsel) and Robin Blanchette (Joyce Cherry's counsel).  Upon completion of the January 31, 2006 meeting, the Trustee announced that the meeting of creditors was concluded.[2]

On February 8, 2006,[3] the Debtor filed amended Schedules B and C, and the Trustee filed an objection to the Debtor's exemptions.  The Trustee argues that two annuities were established by payments made in fraud of creditors and requests the Court disallow the Debtor's claim of the annuities as exempt.  In his response, the Debtor contends, among other defenses, that the Trustee's objection is untimely since the multiple adjournments of the meeting of creditors were not in accordance with Bankruptcy Rule 2003(e).

On February 28, 2006, Joyce Cherry and the Bristol Parties[4] filed an objection to the Debtor's homestead exemption.

The two annuities were claimed on the Debtor's initial schedules as exempt.  The homestead was claimed on the Debtor's amended Schedule C, filed on October 28, 2005, as

---

[1] The Court's electronic filing system sent notice of this docket entry electronically to the Trustee, Michael Durrschmidt, Marilee Madan, Simon Hendershot, Timothy Wentworth and the United States Trustee.

[2] A docket entry on February 28, 2006, states, in pertinent part: "Meeting of creditors held and concluded.  Debtor appeared.  Potential assets."

[3] The parties stipulate that the Debtor filed his amended schedules on February 6, 2006.  The docket in the case reflects that the amended schedules were filed on February 8, 2006.

[4] The Bristol Parties include Stephen E. Jackson, Stephen J. Heyman, Bristol Aviation Services, Bristol Production Company, Bristol Resources Holdings, Inc., Bristol Resources Real Estate Holdings, Inc., American Central Gas Technologies Companies, Inc., and Stephens Investment Company.

exempt. The exemption claims regarding the annuities and the homestead were not affected by the February 8, 2006 amendments.

On March 1, 2006, the Court held a hearing on the Trustee's objection to the Debtor's exemptions. The Bristol Parties and Joyce Cherry were present. The Court afforded the parties an opportunity to file briefs on the issue of whether the objections were timely and continued the hearing until March 29, 2006. Upon conclusion of the evidentiary hearing, the Court took the motions under advisement.

## Discussion

When the Debtor filed bankruptcy, all of his property became part of the bankruptcy estate. 11 U.S.C. § 541. However, bankruptcy law allows a debtor to claim certain property as exempt. 11 U.S.C. § 522(b). Property that is allowed as exempt is no longer property of the bankruptcy estate. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992).

In order to claim an exemption, a debtor must file a list of property that the debtor claims as exempt under § 522(b). 11 U.S.C. § 522(l). Absent objections by a party in interest, the property claimed as exempt is exempt. *Id*. Federal Rule of Bankruptcy Procedure 4003(b) sets forth the time for objecting to a debtor's exemption. Rule 4003(b) provides, in relevant part:

> A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

FED. R. BANKR. P. 4003(b).

Section 341(a) provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. 341(a). Rule 2003 governs the commencement and continuance of the meeting. Rule

3

2003(e) provides that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." FED. R. BANKR. P. 2003(e). This rule permits the trustee to adjourn and continue a meeting of creditors at a later date. However, no statute or rule establishes a specific manner in which the meeting of creditors is to be concluded.

Various courts have considered whether Rule 2003(e) states the exclusive means to adjourn or continue a § 341 meeting. The majority of courts addressing the issue conclude that Rule 2003(e) does not limit the Trustee to adjournments only if a specific date and time are announced at the conclusion of the meeting. *See, e.g.*, *In re Clark*, 262 B.R. 508, 514 (B.A.P. 9th Cir. 2001). The natural meaning of the language indicates that if the date and time of the continued meeting are announced at a meeting, no written notice of the adjournment is required. *In re Havanec*, 175 B.R. 920, 922 (Bankr. N.D. Ohio 1994). This Court agrees.

If a trustee fails to announce on the record at a meeting of creditors a specific date on which the meeting will continue, the meeting does not automatically conclude. After the meeting adjourns, a trustee may continue the meeting by written notice. This practice may be appropriate when the debtor fails to appear at the initial meeting or when the debtor's financial affairs are complex and require further investigation or review before the trustee is able to determine whether further examination of the debtor is required.

Although courts generally agree that a trustee may not indefinitely continue a meeting of creditors, different approaches have been taken to determine what action is necessary to conclude a meeting of creditors when the meeting is continued to an unspecified date. The first approach utilizes a "bright line rule" to determine whether a trustee's announcement regarding a continued meeting is made within a reasonable time after a meeting adjourns. *See, e.g.*, *In re Levitt*, 137

B.R. 881, 883 (Bankr. D. Mass. 1992). This approach considers the policy behind the 30-day objection period set forth in Rule 4003(b), which requires that a debtor's exemptions become final without delay. Based on this policy, courts have held that a trustee must announce the adjourned date and time of a meeting of creditors within 30 days of the last meeting held. *In re Smith*, 235 F.3d 472, 476 (9th Cir. 2000) ("Under any reasonable construction of the rule, a delayed announcement would have to be made at least within thirty days of the last meeting held; otherwise, the whole purpose of Rule 4003(b) would be frustrated"); *In re Levitt*, 137 B.R. at 883 ("where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date").

A second approach considers the timeliness of a trustee's objection on a case-by-case basis. Here, courts consider the facts and circumstances of a particular case to determine whether the filing of an objection to the debtor's claim of exemptions is timely and reasonable under the circumstances. *See, e.g., In re James*, 260 B.R. 368, 372 (Bankr. E.D.N.C. 2001) (trustee's conduct unreasonable when trustee indefinitely continued meeting and filed an objection to exemptions eleven months after last meeting); *In re Brown*, 221 B.R. 902, 905 (Bankr. M.D. Fla. 1998) (trustee acted reasonably, despite failure to reconvene the § 341 meeting, when he filed a report concluding the meeting of creditors less than four months after the initial meeting). Such an approach affords the trustee discretion in complex or unique cases but still constrains the trustee's ability to continue or postpone a meeting of creditors by what is reasonable and necessary to timely move a particular case forward in the bankruptcy process.

A final approach places the burden on the debtor to move for the conclusion of the § 341(a) meeting of creditors if the trustee fails to timely conclude the meeting. *In re Flynn*, 200

B.R. 481, 484 (Bankr. D. Mass. 1996); *In re DiGregorio*, 187 B.R. 273, 276 (Bankr. N.D. Ill. 1995) ("Since the debtor has the greatest interest in concluding the meeting so as to trigger the 30-day objection period, [it is] appropriate to place the burden on the debtor to move for a court order concluding the § 341 meeting"); *see also In re Koss*, 319 B.R. 317, 321 (Bankr. D. Mass 2005).[5]  Under this approach, the meeting is concluded either when the trustee so declares or when the court, upon the debtor's motion, finds that the adjournment is "arbitrary, capricious, or an abuse of discretion." *In re DiGregorio*, 187 B.R. at 276.

Neither the Fifth Circuit nor any court in the Southern District of Texas has addressed the issue.[6]  The Debtor encourages the Court to adopt a strict bright line rule. He argues that Rule 2003(e) provides the sole means to continue a § 341 meeting and requires that a trustee announce the date and time of a continued meeting at the conclusion of the initial § 341 meeting. If the trustee fails to announce a specific date for the continued meeting, the Debtor argues that the meeting is concluded as of the initial meeting date so that the 30-day objection period under Rule 4003 commences.

---

[5] The court in *Koss* held that a § 341 meeting is not concluded until the trustee declares the meeting concluded or the court so orders. *In re Koss*, 319 B.R. at 321. The court rejected the 30-day bright-line approach previously adopted by the United States Bankruptcy Court for the District of Massachusetts in *In re Levitt*, 137 B.R. 881 (Bankr. D. Mass. 1992). In 2001, the First Circuit Court of Appeals addressed the issue. *See In re DeCarolis*, 259 B.R. 467, 470-71 (B.A.P. 1st Cir. 2001). The First Circuit rejected any bright line approach that places a "firm outer limit" on the trustee's ability to adjourn a meeting of creditors, but declined to adopt a specific approach. *Id*. (finding that under either the case-by-case analysis or a rule placing the burden on the debtor that the time to file an objection had not yet run).

[6] The United States Bankruptcy Court for the Northern District of Texas has considered the effect of a docket entry continuing the § 341 meeting filed after the trustee announced at the initial meeting that the meeting was concluded. *See In re Friedheim*, 336 B.R. 110, 112-13 (Bankr. N.D. Tex. 2005) (where trustee announced meeting was concluded on record but filed notice of continuance on docket, court held the § 341 meeting was continued and not concluded absent debtors' objection to the continuance).

This Court is persuaded that a case-by-case approach is most appropriate. Such an approach affords a trustee discretion[7] in complicated cases yet restrains a trustee's ability to indefinitely postpone a meeting of creditors. Under this construction of the rule, a trustee may continue the § 341(a) examination only while there are legitimate grounds for believing that further investigation will prove beneficial or when the circumstances surrounding a case require the meeting be continued. *See*, *e.g.*, *In re Bernard*, 40 F.3d 1028, 1031 n.4 (9th Cir. 1994). A case-by-case approach supports the policy of protecting debtors from indefinitely adjourned creditors' meetings yet affords the trustee time to thoroughly review a debtor's financial affairs to best administer the bankruptcy case.

By adopting this approach, the Court refuses to impose a strict 30-day time period where Congress declined to impose a per se deadline when it adopted § 341. A strict rule could impede justice in complex cases when a trustee needs further time and information to fully understand a debtor's financial affairs, especially when the debtor agrees to a continuance or refuses to cooperate, and where no evidence of unjustified delay is present. Placing the burden on the debtor to obtain a court order in every case is also unreasonable.[8] Although anecdotal, there are reports that trustees in some areas of the country routinely continue § 341 meetings solely for the purpose of extending various deadlines under the Code and the Rules. *See, e.g., In re Vance*, 120 B.R. 181 (Bankr. N.D. Okla. 1990). Such conduct is intolerable and could lead a court to conclude that the meeting was—in fact—concluded at the end of the initial meeting of creditors.

---

[7] Rule 2003(e) is permissive and not mandatory. FED. R. BANKR. PROC. 2003(e) ("The meeting *may* be adjourned from time to time…)(emphasis added).

[8] A debtor who feels that the continuance of his § 341 meeting is unjustified or unreasonable may file a motion seeking a determination that the meeting is concluded. However, the Court rejects an approach that requires the debtor to move for conclusion of the meeting of creditors in every case in which the trustee adjourns the meeting indefinitely.

Only a case-by-case analysis places the burden fairly on the trustee and leaves sufficient flexibility to allow meetings to be continued in appropriate circumstances.

*Application to Cherry*

Applying the case-by-case analysis in this case, the Court must consider whether the Trustee acted reasonably when he continued the 341(a) meeting until "some time" after January 1, 2006, and sent official notice of the date and time of the continued meeting 33 days after the initial meeting adjourned.

The evidence shows that the Trustee announced his concerns regarding the complexity of the case and the need to continue the Debtor's § 341 meeting prior to commencing the meeting. It is undisputed that a Rule 2004 examination of the Debtor was conducted on October 12, 2005. The examination lasted from approximately 9:00 a.m. until 5:30 p.m. with 3,752 documents produced. The Trustee informed the parties present that there would be insufficient time at the initial meeting of creditors scheduled for October 20, 2005, to complete the § 341 meeting so that it would be necessary to continue the meeting.

On October 20, 2005, the Debtor's meeting was one of 75 creditors' meetings scheduled that day. The Trustee convened the meeting at 10:55 a.m. At the meeting, the following occurred (in relevant part):

| | |
|---|---|
| Trustee: | Now you previously had your 2004 exam scheduled by one of the creditors in this case. |
| Debtor: | That's correct. |
| Trustee: | And I attended part of that examination. As I understand it, it was basically continued to a future date? |
| Durrschmidt: | I think it was concluded. |
| Trustee: | You did provide certain documentation at that time. |

8

| | |
|---|---|
| Debtor: | Yes I did. |
| Trustee: | And I think that the attorneys conducting it didn't, hadn't reviewed most of that documentation prior to the exam and I think they indicated some desire to proceed again after they had an opportunity to look at the documents.  At least that's my understanding, and I haven't even looked at any of that, the documentation at this point, although they have agreed to provide it to me, and as I told you at that time, it's my intent today to simply continue this 341 meeting and convene again after those creditors and I have had a chance to review the documents and then we will notice you through your attorney and we will find a convenient day for all of us to sit down and do this again, or maybe continue the 2004 [examination] but let's just do it in the context of the 341 meeting.  I think we will have a more meaningful meeting after we get a chance to look at those documents they have and we will [] invite you as well, give you notice.  If you have some questions today, feel free to ask them. There is just so much to get into in this case, we didn't really have time to do it today, so that's the way we all agreed to proceed so you can come to that and participate in that.  I think it will be more meaningful then.  We are going to get copies of the documents on a disk and I can provide them to you, the whole thing, if you will give me your card I will do so.  You might also drop, send me a letter again reminding me that you want to come to the 341 and I'll try to keep up with that. |
| Durrschmidt: | Do you want to give me a card too? |
| Trustee: | We will, because of all the chapter 7s that are being filed and all the creditors meetings we are going to be doing in the next couple of months, it may be sometime after the first of the year before we reconvene this.  I can't imagine being able to fit it in anytime.  So, I won't forget about it, but it will be probably sometime after then.  Ok? So I'm just going to continue the 341 meeting.  Thank you. |

It is clear that the Trustee did not intend to continue the meeting indefinitely.  The Trustee had 75 meetings scheduled on October 20, with an average of six minutes available for each meeting.  This is the Trustee's standard practice for scheduling § 341 meetings.  However, the Trustee considered the Debtor's case to be a complex chapter 7 case and determined that it was appropriate to schedule the Debtor's § 341 meeting independently when the necessary time could be devoted to the Debtor's case.  Based on these facts and his previous experience, the Trustee exercised his discretion and adjourned the meeting to a future date.

Because the Trustee needed to hold more than 700 creditors' meetings before the end of 2005, and because the Debtor's counsel was going to be out of town toward the end of the year, the Trustee announced that the meeting would be rescheduled for a date after January 1, 2006. Neither the Debtor nor the Debtor's attorney voiced any concerns or objected to the Trustee's decision to adjourn until sometime in January 2006. Based on the foregoing, the Court finds that the Trustee's decision to continue the meeting was clearly announced, reasonable and not intended to delay the bankruptcy process. Accordingly, the 30-day objection period under Rule 4003 did not start to run upon the conclusion of the initial meeting.

Under the circumstances of this case, the Court also finds that the Trustee announced the specific date of the adjourned meeting within a reasonable time. The evidence shows that the Trustee continued to take action in the case and notify the Debtor and other parties of the status of the continued meeting. On October 25, 2005, a docket entry was entered in the case reflecting that the meeting was continued until November 3, 2005. On October 26, 2005, the Trustee contacted Durrschmidt, Madan, and Blanchette to inform them that the docket entry was incorrect since it had automatically been rescheduled by the Trustee's office. The Trustee informed them that the meeting would be reset for some time in January since it could not be set for a general day of meetings when the Trustee would hold approximately 75 other creditors' meetings. On October 28, 2005, the Trustee sent a letter to Blanchette informing her that the meeting was continued to sometime in January. That same day, the Trustee's office contacted Durrschmidt to question why the Debtor's house was not claimed as exempt and to address concerns regarding the Debtor's exemption of the annuities. On October 28, 2005, an amended Schedule C was filed by the Debtor, adding the Debtor's homestead to the list of exemptions. On November 17, 2005, the Trustee's office sent a letter to Durrschmidt, Millard Johnson, and

10

Madan informing them that the § 341 meeting would reconvene on January 10, 2006. In the letter, the Trustee sought feedback from the parties concerning the proposed date.[9] No objections or concerns were raised by any of the parties.

On November 18, 2005, less than 30 days after the initial meeting adjourned, a docket entry reflects notice of the continued creditor's meeting scheduled for January 10, 2006, at 10:00 a.m. Official notice of the continued meeting was served on the Debtor and creditors on November 23, 2005. On December 28, 2005, the Trustee contacted Madan and Blanchette regarding the continued meeting and informed them that another continuance may be necessary since a contested hearing scheduled on January 10, 2006, before another judge involved the Trustee and the Debtor's attorney. A similar conversation occurred between the Trustee and Durrschmidt on January 3 and January 9. On January 10, the Trustee's staff notified Madan, Blanchette and Durrschmidt that the meeting would be reset since the hearing involving the Trustee and Durrschmidt was continued through January 11. On January 16, 2006, the Trustee contacted the parties regarding an appropriate date to reschedule the adjourned meeting and on January 17, 2006, the Trustee's office notified Durrschmidt, Madan and Blanchette that the meeting was rescheduled for January 31, 2006. A docket entry on January 18, 2006, reflects the rescheduled date. No objections or concerns regarding the rescheduling were raised by any party. On January 31, 2006, the meeting of creditors reconvened, and upon the meeting's completion, the Trustee announced that the § 341 meeting was concluded.

Based on these facts, the Court finds that the Trustee acted in a manner consistent with the policy and goals of the Bankruptcy Code. The Trustee determined that the Debtor's case was a complex chapter 7 case and continued the meeting to further investigate the Debtor's financial

---

[9] The Trustee's office wrote: "Please let me know if this time is inconvenient. I would like to get notice out by next Tuesday, November 22."

11

affairs. The Trustee announced the date of the adjourned meeting less than 30 days after the initial meeting and properly notified all parties and creditors of the adjournment 33 days after the meeting. The Trustee concluded the § 341 meeting within four months of the initial meeting and filed his objection to the Debtor's claimed exemptions on February 8, 2006, eight days after the conclusion of the § 341 meeting. On February 28, 2006, twenty-eight days after the conclusion of the § 341 meeting, Joyce Cherry filed an objection to the Debtor's homestead exemption. Accordingly, the Court finds that the objections were timely.

*Waiver*

Alternatively, the Court finds that that the Debtor acquiesced in the decision to continue the meeting and effectively waived his right to challenge the Trustee's allegedly improper continuation of the meeting of creditors. Waiver involves the voluntary or intentional surrender of a known right. *Matador Petroleum Corp. v. St. Paul Surplus Lines*, 174 F.3d 653, 660 (5th Cir. 1999). Waiver may be established by showing that a party intentionally conducted himself inconsistent with claiming a right. *Id*. The time limits set forth in the Bankruptcy Rules for raising objections are generally subject to waiver.[10] *See In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002) (Rule 4004(a) time limit is subject to waiver); *In re Benedict*, 90 F.3d 50, 54 (2d Cir.

---

[10] Such a rule is consistent with policies promoted by the Supreme Court in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) which requires that the deadline in Rule 4003(b) for objecting to a debtor's exemptions be construed strictly.

> While the Court in *Taylor* did stress the importance of deadlines, we believe this emphasis supports our conclusion, rather than undermines it. As the [*Taylor*] Court noted, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and promote finality." This analysis applies with equal force to the doctrine of waiver, which requires parties to put all of their arguments before the appropriate court at the appropriate time for a full resolution of their claims. Here, parties are prompted to action and finality is served by our conclusion that parties may waive any objection to the untimeliness of a creditor's complaint if the objection is not raised at the proper time.

*In re Kontrick*, 295 F.3d at 733 n.4 (internal citations omitted).

1996) (Rule 4007(c) time limit is subject to waiver); *In re Santos*, 112 B.R. 1001, 1008 (B.A.P. 9th Cir. 1990) (Rules 4004(a) and 4007(c) are subject to waiver).

Here, the Debtor knew that his § 341 meeting was being continued until a date approximately three months after the initial meeting. When asked if this continuation was acceptable, neither the Debtor nor Durrschmidt responded. Instead, the evidence indicates that the Debtor and Durrschmidt each gave the Trustee their contact information at the initial § 341 meeting so that the Trustee could forward a copy of the documents provided at the 2004 examination which he planned to review. On October 28, 2005, two days after the Trustee contacted Durrschmidt to inform him that the meeting would be reset for some time in January 2006, the Trustee's office contacted Durrschmidt to discuss his concerns regarding the Debtor's annuities. On at least two other occasions, the Trustee sought feedback from Durschmidt concerning the proposed date for the adjourned meeting and no objections were made. At the same time, the Debtor continued to cooperate with the Trustee and there is no evidence that the Debtor contested the Trustee's authority to continue the meeting. Finally, despite the Debtor's assertion that the meeting concluded on October 20, 2005, he appeared and cooperated at the reconvened meeting on January 31, 2006. This conduct indicates that the Debtor waived his right to object to the Trustee's continuation of his § 341 meeting. Accordingly, the Court concludes that the Debtor effectively waived any right to object to the Trustee's ability to continue the meeting of creditors.

## Conclusion

Based on the foregoing, the Court finds that the Trustee acted reasonably when he adjourned the Debtor's initial § 341 meeting. The § 341 meeting concluded on January 31,

2006. Accordingly, the objections to the Debtor's exemptions filed by the Trustee and Joyce Cherry and the Bristol Parties were timely.

Signed at Houston, Texas, on May 10, 2006.

MARVIN ISGUR
United States Bankruptcy Judge